UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LAURA J. STROBEL**, | ) |
| Plaintiff, | ) No: 22 CV 6798 |
| vs. | ) |
| **GOODWILL INDUSTRIES OF SOUTHEASTERN WISCONSIN, INC.,** | ) |
| Defendant. | ) |

**AS AND FOR A FIRST COUNT OF ACTION**
**(Title VII- RELIGIOUS DISCRIMINATION)**

**Nature of the Action**

1. **LAURA STROBEL**, ("STROBEL") brings this action under Title VII of the Civil Rights Act of 1964 and as amended by inter alia, the Civil Rights Act of 1991, 42 U.S.C.A. §§ 2000e et seq., ("ACT"). venue jurisdiction under 28 U.S.C.A. § 1343 (4) and 42 U.S.C.A. § 2000e-5(f), for **GOODWILL INDUSTRIES OF SOUTHEASTERN WISCONSIN, INC.,** ("GOODWILL") having subjected STROBEL to Religious discrimination by failure to treat her the same as non-Lutheran employees despite STROBEL's complaints about same.

**PARTIES**

2. STROBEL, is an adult Caucasian female with a Lutheran religious preference, working in a racially diverse office and is a resident of Lisle, DuPage County, State of Illinois.

3. STROBEL is an employee of GOODWILL.

4. At all times relevant, GOODWILL has been a corporation organized under the laws of

Illinois and is doing business in Illinois.

5. GOODWILL is an employer within the meaning of the Civil Rights Act and 42 U.S.C. 2000(e) *et seq*., and has been at all times material to the allegations herein.

## FACTUAL BASIS

6. That STROBEL was treated differently than non-Lutheran employees in the handling of her work environment.

7. Further, GOODWILL by its action or inactions of its agents based upon STROBEL's complaints about her working conditions in the workplace, agents caused and created a hostile work environment which unreasonably interfered with the terms and conditions of STROBEL's employment and STROBEL's performance in her job, based upon her National Origin. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by inter alia the Civil Rights Act of 1991.

8. By reason of the religious discrimination of GOODWILL, STROBEL has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

9. GOODWILL's violation of STROBEL rights was willful.

10. Plaintiff filed a discrimination charge against Defendant with the Equal Employment Opportunity Commission (EEOC). That charge was timely filed by STROBEL against GOODWILL. (See Exhibit "A")

11. On September 6, 2022, Plaintiff was sent a notice from the GOODWILL of his right to bring this action (see Exhibit "B"), and Plaintiff timely filed this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Title VII-RACE DISCRIMINATION)

**Nature of the Action**

12. This is an action under Title VII of the Civil Rights Act of 1964 and as amended by <u>inter</u> <u>alia,</u> the Civil Rights Act of 1991, for the Defendant, GOODWILL having subjected Plaintiff, STROBEL to racial discrimination by failure to treat her the same as non-Caucasian employees despite STROBEL'S complaints about same.

13. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as more fully set forth herein.

14. Defendant by its action or in actions of its agents treated STROBEL differently than non-Caucasian in the handling of her work environment complaints. In violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-c et seq; as amended by <u>inter alia</u> the Civil Rights Act of 1991.

15. By reason of the racial discrimination of GOODWILL, STROBEL has suffered a loss of benefits, in addition to suffering great pain, humiliation and mental anguish, all to her damage.

16. Further, said action on the part of the Defendant was done with malice and reckless disregard for Plaintiffs' protected rights.

## AS AND FOR A THIRD CAUSE OF ACTION
## (AGE DISCRIMINATION IN VIOLATION TO THE ADEA)

17. STROBEL brings this action for benefits under the Age Discrimination in Employment Act of 1967 (hereinafter sometimes referred to as the ADEA), 29 U.S.C. § 621-634, under the specific provisions of the Age Discrimination in Employment Act, viz. 29 U.S.C. § 626(c).

18. STROBEL repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

19. STROBEL was born on December 30, 1958 and falls within the group protected by

3

the ADEA.

20. GOODWILL is an employer within the meaning of the ADEA.

21. In early June of 2020 and continuously thereafter, the supervisor of STROBEL while meeting the minimum standards of her employer, GOODWILL willfully discriminated against STROBEL because of her age by treating her differently than younger employees under 40; in terms and conditions of employment and holding her to a higher standard of performance.

22. As a result of GOODWILL's actions, the Plaintiff has been deprived of employment benefits.

23. GOODWILL's conduct was at all times willful and wanton entitling the Plaintiff to liquidated damages.

## AS AND FOR A SECOND CAUSE OF ACTION
## (Title VII-RETALIATION)

24. STROBEL realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

15. Defendants' agents have intentionally retaliated against ENCISO, based upon filing his prior complaints against GOODWILL based on her religious belief and age and how she was mistreated and the continuous impairment of her working conditions. Thereafter, Defendant's agents created a retaliatory and offensive hostile work environment by treating her differently than other employees in discipline. All in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000-e et seq, as amended by, inter alia the Civil Rights Act of 1991.

16. By reason of this retaliation by Defendants," ENCISO has suffered a loss of

earnings and benefits, in addition to suffering great pain, humiliation and mental anguish, all to his damage.

17. Further, said action on the part of the Defendants done with malice and reckless disregard for Plaintiff's protected rights.

WHEREFORE, the Plaintiff prays that the court order such relief as is necessary to make the plaintiff whole, including:

1. Declare the conduct engaged in by Defendant to be in violation of Plaintiff's rights;

2. For injunctive relief, including but not limited to relief required to make Plaintiff whole so there are no future retaliations or blocked opportunities and for any losses caused by the violations of Defendant;

3. For compensatory damages of $300,000.00 for each count set forth above;

4. For costs of suit, including reasonable attorney's fees and expert fees, pursuant to 42 U.S.C.A § 12117(a), which incorporates the remedies set forth in Title VII of the Civil Rights Act of 1964, Title 42 U.S.C.A. § 2000e-5(k); and

5. For such other and further relief as the court deems proper.

LAURA J. STROBEL

BY:/S/ **Michael T. Smith**
Michael T. Smith

Michael T. Smith
6180407IL
440 W. Irving Park Road
Roselle, IL 60172
(847) 895-0626

5